Christyne M. Martens
Wyoming State Bar No. 7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602-5010
307-261-5434
christyne.martens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

**SOHEIL KHOJASTEH,**

Plaintiff/Respondent,

v.

**Civil No. 26-CV-151-R**

**UNITED STATES OF AMERICA,**
Defendant/Movant.

---

**UNITED STATES' MOTION TO DISMISS DEFENDANT'S
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

---

Khojasteh filed a motion under 28 U.S.C. § 2255 challenging his convictions and sentences. (Doc. 1). However, because his motion is filed more than a year after his conviction became final and he has failed to show that he is entitled to equitable tolling, it is untimely. Accordingly, this court should dismiss it.

However, if the court disagrees, the United States wishes to separately respond in defense of the knowing and voluntary nature of his guilty plea.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2024, Khojasteh was in the Palette Springs thermal area filming himself jumping rope when he was spotted by Officer Bray. (24-PO-149 Doc. 1). Khojasteh was approximately sixty feet off of the boardwalk and only about eight feet from thermal water activity.

(*Id*.). When Khojasteh saw Officer Bray, he gathered his things and climbed over the fence and back onto the boardwalk. (*Id*.). When questioned, Khojasteh told Officer Bray that he was filming a video because he was a fitness trainer. (*Id*.). While he professed that he did not know he had to stay on the boardwalk and that he did not see any signs, there were three separate signs between Khojasteh's car and where Khojasteh left the boardwalk. (24-PO-149 Doc. 2).

On March 15, 2024, Khojasteh was charged with foot travel in a thermal area and violation of a closure in two violation notices filed with the court. (24-PO-149 Doc. 1, 2). On May 7, 2024, this court held Khojasteh's initial appearance. (24-PO-149 Doc. 6). At that hearing, Khojasteh pleaded guilty as charged. (*Id*.). With regard to the thermal trespass, this court sentenced him to pay a $1,500.00 fine, $30.00 processing fee, and a $10.00 special assessment and imposed two years of unsupervised probation and with a coinciding ban from Yellowstone National Park. (*Id*.). For the closure violation, this court imposed a $500.00 fine, and a $10.00 special assessment. (*Id*.). The court memorialized these proceedings in its written order filed on May 14, 2024. (24-PO-149 Doc. 7). On May 26, 2024, Khojasteh paid his fines in full. (Doc. 9, 10). He did not appeal.

## II.   THE CURRENT MOTION

On May 8, 2026, Khojasteh filed his current motion under 28 U.S.C. § 2255. (Doc. 1).[1] In his motion, he contends that he was suffering from some kind of physical condition that prevented him from forming the mental intent for the underlying crimes. (*Id*. at 4, 10). He contends that he is entitled to equitable tolling because his depression rendered him unable to manage his legal affairs. (*Id*. at 11).

### A. The motion is untimely.

> A 1-year period of limitation shall apply to a motion under [28 U.S.C. § 2255]. The limitation period shall run from the latest of –

---

[1] Probation qualifies as custody for the purpose of 28 U.S.C. § 2255. *United States v. Guerrero-Castro*, 488 F. App'x 300, 302 (10th Cir. 2012)

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by government action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

Khojasteh's motion under § 2255 is well outside §2255(f)(1)'s one year limitation period. This court entered its order on May 14, 2024. (24-PO-149 Doc. 7). After that, he had 14 calendar days to appeal after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). He did not appeal, so for purposes of § 2255(f)(1)'s one year limitation period, it was final when the time for filing his notice of appeal expired on May 28, 2024. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Therefore, Khojasteh had until May 28, 2025, to file his motion. And unless his motion fits within one of the other three criteria for a timely motion, this motion is barred by § 2255(f)'s limitation period.

Khojasteh does not allege any malfeasance on the part of the government, so § 2255(f)(2) does not apply. He does not cite to any new Supreme Court decision, so § 2255(f)(3) is inapplicable. That leaves only § 2255(f)(4). As noted above, it provides that a motion could be timely if filed within a year "when the facts supporting the claim … could have been discovered through the exercise of due diligence." *Id.* This provides an exception to (f)(1)'s one year limitation only where consequential new "historical facts" are discovered, not "laws." *See United States v. Tyree*, 757 F. App'x 704, 706-07 (10th Cir. 2018) (unpublished) (discovery of new law, or new legal theory, is not a "discoverable new fact for purposes of § 2255(f)(4)") (collecting cases);

3

*United States v. Harrison*, 680 F. App'x 678, 680 (10th Cir. 2017) (unpublished) (discovery of a new legal theory not a "discoverable" new fact). Nothing alleged in Khojasteh's motion suggests that he did not know about his underlying medical condition at the time he pleaded guilty. Realizing its potential significance later is simply not enough to delay the 1-year statute of limitations.

Equitable tolling would be appropriate only where one or another extraordinary circumstance unfairly impedes a defendant's ability to file a timely § 2255 motion. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). But to take advantage of equitable tolling, a movant must demonstrate "(1) that he has been pursuing her rights diligently; and (2) that some extraordinary circumstance stood in his way" which precluded his compliance with the limitation period. *Id.* Khojasteh has not suggested that either of these circumstances are at play.

He may also invoke equitable tolling if he makes a convincing showing that he is "actually innocent" of the crimes for which he was convicted. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). To show "actual innocence" for purposes of suspending the statute of limitations, a movant must show the discovery of new evidence so strong that no reasonable juror could have found the defendant guilty of the offense beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). Khojasteh doesn't present a sufficient factual showing to support such a claim.

What is more, he pleaded guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, ... [h]e may only attack the voluntary and intelligent character of the guilty plea...." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). And while Khojasteh asserts that he was depressed and unable to handle his legal affairs (Doc. 1 at 11), he has not asserted that his pleas were anything but knowing and voluntary.

Even if he was ill-equipped to navigate his legal affairs, a "defendant who exercises his right to appear *pro se* cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *McKaskle v. Wiggins,* 465 U.S. 168, 177 n. 8 (1984).

**B.    Alternatively, the United States requests additional briefing on the knowing and voluntary nature of the guilty plea.**

In light of Khojasteh's failure to appropriately allege his claims as discussed above, the United States has not undertaken the expense of ordering the transcript of the change of plea or sought the delay the preparation of the transcript would require. Therefore, if this court disagrees with the United States on timeliness, the United States requests the opportunity to analyze the plea colloquy and defend the knowing and voluntary nature of Khojasteh's plea through preparation of the transcript and additional briefing.

## III.    CONCLUSION

Khojasteh's motion is untimely and is not subject to equitable tolling. Therefore, this court should dismiss it. If the court disagrees, however, the United States request the opportunity to seek the preparation of the transcript of Khojasteh's guilty plea and brief its knowing and voluntary nature.

**DATED** this 19th day of May, 2026.

Respectfully submitted,
DARIN D. SMITH
United States Attorney

By:    */s/ Christyne M. Martens*
CHRISTYNE M. MARTENS
Assistant United States Attorney
P.O. Box 22111
Casper, WY 82602-5010
307-261-5434
christyne.martens@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 19th day of May, 2026, the foregoing **United States' Motion to Dismiss the Defendant's Motion for Relief Under 28 U.S.C. § 2255** was served upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Soheil Khojasteh**
C/O FASC
707 Main Street
1003
West Vancouver, BC V7T0C1
CA

*/s/ Heidi Mason*
UNITED STATES ATTORNEY'S OFFICE
