IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**FILED**

*9:03 am, 6/16/26*

**Margaret Botkins
Clerk of Court**

SOHEIL KHOJASTEH,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No. 26-CV-151-R

---

**ORDER DISMISSING PETITIONER'S CLAIMS AS UNTIMELY**

---

Before the Court is pro se Petitioner Soheil Khojasteh's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [ECF No. 1]. Petitioner challenges his conviction for foot travel in a thermal area and violation of a closure. After reviewing the various filings, this Court finds Petitioner's case must be dismissed as untimely.

**BACKGROUND**

On March 13, 2024, Petitioner was visiting Yellowstone National Park walking approximately sixty feet off the boardwalk and only about eight feet from thermal water activity when he was spotted by an officer. [24-PO-149 ECF No. 1-1]. When the officer approached, Petitioner gathered his belongings, including a cellular phone, a tripod, and jump rope, and climbed over the fence and back onto the boardwalk. *Id*. Petitioner stated he was unaware travel off the boardwalk was prohibited and that he did not see any signs.

*Id.* However, the officer documented three separate signs between Petitioner' car and where he left the boardwalk.

On March 15, 2024, Petitioner was charged with foot travel in a thermal area and violation of a closure. *Id*. On May 7, 2024, Petitioner had an initial appearance, where he pleaded guilty. [24-PO-149 ECF No. 6]. Petitioner was sentenced to pay a $1,500.00 fine, $30.00 processing fee, a $10.00 special assessment, and was placed on two years of unsupervised probation for thermal trespass. *Id*. For the closure violation, Petitioner was given a $500.00 fine, and a $10.00 special assessment. *Id*. Petitioner paid his fines in full and did not appeal. [24-PO-149 ECF Nos. 9 & 10].

On May 8, 2026, Petitioner filed the instant Motion under § 2255 seeking to vacate, set aside, or correct his sentence. Petitioner argues he was suffering from clinical depression and the effects of a car accident that rendered him incapable of forming the required criminal intent for the charged offenses. [ECF No. 1]. Petitioner further claims he is entitled to equitable tolling because his depression rendered him unable to manage his legal affairs. *Id*. On May 11, 2026, the Court required service of the Motion, ordered the government to respond within twenty-one days of being served, and further granted Petitioner twenty-one days from the filing of the response to file a reply. [ECF No. 3].

On May 19, 2026, Respondent, the United States of America, filed a Motion to Dismiss Petitioner's § 2255 case. [ECF No. 5]. Respondent argues the Motion must be dismissed as untimely.

**RULING OF THE COURT**

To begin, the Court notes Respondent filed the instant Motion to Dismiss on May 19, 2026.  Pursuant to Court Order, Petitioner's response was due on June 9, 2026, twenty-one days after the government's Motion to Dismiss.  [ECF No. 3].  Local Rule 7.1(b)(1)(B) provides "[t]he Court may, in its discretion, consider the failure of a responding party to file a timely response as a confession of the motion."  As of the filing of this Order, Petitioner has not filed a response to the Motion to Dismiss.  The Court deems Petitioner's failure to respond as a confession thereof.  The Court will nevertheless examine the allegations in Petitioner's § 2255 Motion.

The Court must still address the merits of the Motion.  Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Petitioner's § 2255 Motion is before the Court for initial consideration. Under Rule 4, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Pursuant to Rule 4, the Court has reviewed the Motion and finds the Petitioner is not entitled to relief, and his submission must be **DISMISSED**, as untimely.

*Petition is Untimely*

Claims for collateral review under § 2255 are governed by a one-year statute of limitations.  Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Motion under § 2255 is well past the one-year statute of limitations. Petitioner's judgment of conviction became final on May 28, 2024. Final Judgment and Disposition of Petitioner's case was entered on May 14, 2024. [24-PO-149 ECF No. 7]. Petitioner had fourteen calendar days after Final Judgment was entered to appeal. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not appeal. Consequently, § 2255(f)(1)'s one year limitation period became final when the time for filing a notice of appeal expired on May 28, 2024. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). Petitioner had until May 28, 2025, to file his motion under § 2255.

Petitioner claims his Motion is subject to equitable tolling based upon his alleged mental state at the time of the incident.

> The one-year statute of limitations is subject to equitable tolling, but equitable tolling is restricted to rare and exceptional circumstances. To be entitled to equitable tolling, a defendant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. An inmate bears a heavy burden to show specific facts to support his or her claim of extraordinary circumstances and due diligence. Further, circuit precedent is clear that courts should use equitable tolling sparingly.

*Setiyaningsih v. United States*, No. 19-CR-198-F, 2022 WL 5240203, at *2–3 (D. Wyo. Aug. 30, 2022) (internal citations and quotations omitted)).

Petitioner has not shown any extraordinary circumstances that would have prevented him from timely filing his petition as currently asserted. Petitioner claims his mental state and corresponding trauma from a car accident rendered him unable to properly investigate or present evidence during his plea and sentencing. [ECF No. 1]. However, nothing in the Motion suggests that Petitioner was unaware of his underlying medical conditions at the time he plead guilty or addresses when he became aware of the conditions or how his conditions are different today. *See Garza v. Kansas*, 449 F. App'x 734 (10th Cir. 2011) (equitable tolling inappropriate where defendant made reference to his medical history but otherwise did not explain his multiple-year delay in seeking federal relief). Further, "a defendant who exercises his right to appear pro se cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Geddes v. United States*, No. 1:15-CR-93-TC, 2024 WL 866530, at *1 (D. Utah Feb. 29, 2024) (citing *United States v. Baker*, 84 F.3d 1263, 1267 (10th Cir. 1996) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984)).

Accordingly, Petitioner's Motion for relief under § 2255 is untimely, and is therefore dismissed.

## CONCLUSION

The Court finds Petitioner's Motion under § 2255 is untimely, he is not entitled to equitable tolling, and his Motion must be denied. The denial of a 28 U.S.C. § 2255 motion is not appealable unless a Certificate of Appealability (COA) is issued. *See* 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a COA when making a ruling adverse to the petitioner. *United States v. Scuderi*, No. 12-10059-EFM, 2020 WL 6939796, at *3, 2020 U.S. Dist. LEXIS 220913, at *7 (D. Kan. 2020). A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*.; § 2255(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, (2004)). Petitioner cannot make such as showing, and a certificate of appealability shall not issue.

**NOW, THEREFORE, IT IS ORDERED** Petitioner's Motion for relief under § 2255 [ECF No. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** no certificate of appealability will issue.

Dated this 16th day of June, 2026.

Kelly H. Rankin
United States District Judge